PEOPLE v JANNIFER WILLIAMS

Docket No. 81477. Submitted March 6, 1985, at Lansing.—Decided
November 5, 1985.

Jannifer Williams, a prostitute, was charged with murder in the
first degree in the death of a client, which occurred when
defendant and a male associate tried to rob the client. Defen-
dant was convicted on her plea of guilty in Genesee Circuit
Court, Judith Anne Fullerton, J., of second-degree murder. The
trial court, using the sentencing guidelines, determined that
the minimum sentence range was 144 months to life and
imposed a sentence of from 12 to 25 years. Defendant appealed.
*Held:*

1. The trial court properly assigned a point under current
relationship with the criminal system variable of the prior
record variable classification scheme on the basis of defendant's
probate court probation. Since the sentencing guidelines clearly
contemplate consideration of juvenile adjudications, it is not
error to consider an existing juvenile order of probation, provid-
ing that the court does not at the same time add prior record
variable points under the juvenile adjudications variable.

2. The trial court properly based the offense variable classifi-
cation scheme contemporaneous criminal acts score on the
basis of three or more contemporaneous criminal acts, since the
defendant had committed three contemporaneous criminal acts;
prostitution, robbery and conspiracy.

3. The trial court did not err in its determination of the
proper range of the minimum sentence under the sentencing
guidelines. The sentence imposed was within that range.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — PRIOR
RECORD VARIABLES — JUVENILE PROBATION.

A sentencing court may properly give a one point score under the

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Criminal Law §§ 525-631.

Consideration of accused's juvenile court record in sentencing for
offense committed as adult. 64 ALR3d 1291.

See also the annotations in the ALR3d/4th Quick Index under
Sentence and Punishment.

current relationship to the criminal justice system category of the prior record variable classification scheme of the sentencing guidelines where the defendant was on probation for a juvenile offense, if the court does not also add points under the prior juvenile delinquency adjudications category of the prior record variable classification scheme.

2. Criminal Law — Sentencing — Sentencing Guidelines — Judicial Discretion.

A trial court, in calculating the minimum sentence range pursuant to the sentencing guidelines, may, in its discretion, assign any score which it chooses for any of the prior record variables or offense variables, provided there is evidence on the record to support the particular score given; accordingly, a trial court may choose not to assign any points for a particular variable even if there is evidence supporting the assigning of points for that variable.

3. Criminal Law — Sentencing — Sentencing Guidelines — Preserving Question.

Any objections to the application of the sentencing guidelines must be made on the record at the time of sentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Michael J. Breczinski,* for defendant.

Before: Allen, P.J., and Gribbs and T. Gillespie,* JJ.

Per Curiam. Defendant appeals as of right from her sentence of from 12 to 25 years in prison for her conviction of second-degree murder. Her conviction was premised on the dismissal of a first-degree murder charge in exchange for a plea of guilty to second-degree murder. On appeal defendant requests that her case be remanded for resentencing because the trial judge inaccurately com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

puted the minimum sentence range under the sentencing guidelines by assigning too high a score to certain sentencing variables. The sentence is affirmed.

This is a case of first impression in Michigan and arose from the following facts.

Jannifer Williams, defendant in the instant case, was a prostitute in Flint. On July 2, 1983, a Mr. Clayton employed defendant for the purpose of having sex with her. Defendant was living with Richard Harvey.

After engaging in sex with Clayton, defendant saw he had a fair sum of money. Defendant left Clayton in the room they were in and went to tell Harvey about the money. Defendant and Harvey agreed to rob Clayton.

Defendant and Harvey returned to the room. Harvey was armed with a gun. A struggle for the gun ensued and Clayton was mortally wounded. Defendant and Harvey then dumped Clayton and the gun in a field. They were arrested on July 13, 1983, and charged with first-degree murder.

Through a plea bargain defendant pled guilty to second-degree murder and the first-degree murder charge was nol-prossed. She was sentenced to from 12 to 25 years in prison.

On appeal defendant asserts that the trial court abused its discretion at sentencing by inaccurately computing the minimum sentence range by assigning improper scores for certain of the sentencing guideline variables. Defendant, therefore, requests the case be remanded for resentencing, because a correct computation of the sentencing guideline variables would result in a lower minimum sentence recommendation.

The prosecutor ignores the sentencing guideline issues and views the issue as being whether the

sentence "shocks the conscience" of the appellate court, as outlined in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

We will address that issue along with the sentencing guideline issues.

The use of sentencing guidelines became mandatory for circuit courts in Michigan on March 1, 1985. There are two series of variables on the guidelines used to determine the minimum sentence range on the sentencing grid.

The first series of variables is Prior Record Variables (PRVs). There are seven PRVs the trial court must score. When tallied up the PRV score will fall into one of six Prior Record Levels, which range from A to F. A Prior Record Level of A generally indicates no past criminal history, and a Prior Record Level of F indicates an extensive criminal past.

The second series of variables is Offense Variables (OVs). Each OV is scored for the applicable crime group, which in the case at bar is homicide, and when added up the score will fall into an offense severity level of I, II, or III. I is the least severe level; III is the most severe.

The final Prior Record Level and Offense Severity Level are then used on the appropriate crime group guideline grid, which is determined by the statutory maximum for a particular crime group. The appropratie cell on the grid showing guideline range is then determined by finding the intersection of the Prior Record Level and Offense Severity Level.

In the instant appeal, defendant claims error by the trial court's scoring of PRV 7 and OV 25.

Defendant claims the guideline sentence range should be 72 to 169 months, instead of the 144 months to life as calculated by the trial judge,

because of claimed inaccuracies in the judge's computation.

We note there is no sentencing guideline report in the court file and there are no objections on the record to the issues raised above. However, we accept as true the assertion in defendant's brief as to the scoring of the various sentencing guideline factors, since those assertions are uncontroverted by the prosecutor. Further, we address the issues raised because they are of first impression and will certainly be raised again.

Defendant's first assertion of sentencing guideline error is that the trial judge abused her discretion in giving defendant one point on the Prior Record Variable (PRV) 7 for having a current relationship with the criminal justice system. The trial judge apparently considered defendant's probation in probate court as a current relationship with the criminal justice system, since the instant offense was committed during that probation.

Defendant agrues that the trial court's consideration of the probate court probation as a relevant factor in the scoring of PRV 7 is improper, because that probation was the result of a juvenile offense. We disagree.

First, PRV 5 is a specific variable for "prior juvenile delinquency adjudication". It would be incongruent to exclude the element of juvenile probation from PRV 7 when juvenile adjudications are specifically addressed in PRV 5. However, if a score is given under PRV 7 because of the existence of an order of juvenile probation, then no score should be given under PRV 5; and if a score is given under PRV 5, then no score should be given under PRV 7 for a juvenile probation. Only a PRV 7 juvenile probation score was given in the instant case.

Secondly, it is illogical to argue, as defendant

does, that the juvenile justice system is separate and distinct from the criminal justice system. It is not. The juvenile justice system is quasi-criminal in nature since MCR 5.900, *et seq.,* includes the basic elements of due process. See *In the Matter of Chapel,* 134 Mich App 308; 350 NW2d 871 (1984). The trial judge properly used her discretion in assessing a score for PRV 7.

Defendant next argues that the trial judge abused her discretion in basing the score for Offense Variable (OV) 25, the homicide contemporaneous criminal acts variable, on the assumption that defendant had committed three or more contemporaneous criminal acts. Defendant claims only two contemporaneous criminal acts occurred with the murder: robbery and prostitution. Again, we disagree.

The trial judge may have properly concluded defendant committed three or more contemporaneous criminal acts: prostitution, robbery and conspiracy.

A conspiracy is an agreement to do an illegal act. MCL 750.157a; MSA 28.354(1). *People v Braylock,* 118 Mich App 54; 324 NW2d 530 (1982).

Conspiracy is a crime separate and distinct from the crime the conspirators ultimately commit. *People v Tinskey,* 394 Mich 108; 228 NW2d 782 (1975).

The transcript of the plea clearly shows an admission to the crime of conspiracy by defendant:

"*The Court:* What did you do with Richard Harvey that night?

"*The Defendant:* I go downstairs and ask Richard do he want to pull a robbery and Richard say, 'Yeah.' He say, 'Yeah' to it."

The trial judge did not abuse her discretion in giving a score of two for OV 25.

We hold a sentencing judge has discretion as to the number of points to be scored for any PRVs and OVs of the sentencing guidelines, provided there is evidence on the record which adequately supports a particular score. For example, in the case at bar there was ample evidence for the trial judge to conclude that defendant was a member of a professional crime ring (OV 8), in that the instant offense was part of a pattern of criminal activities over a period of time from which the offender had derived a substantial portion of her income. In this case the record shows defendant earned her living as a prostitute and Harvey was her pimp, with whom she shared her earnings. The trial court apparently used its discretion in scoring this variable. If there were any mitigating factors, the sentencing guidelines provide a means to consider them. Further, the trial court must explain why it deviated from the guideline range.

We further hold any objections to the sentencing guidelines must be made on the record at sentencing. As to defendant's claim that error arose during the trial court's calculation of the minimum sentence range under the sentencing guidelines, we finally hold that a minimum sentence which falls within the sentencing guideline range is proper absent a clear abuse of discretion. The minimum sentence in this case is within both the range claimed to be correct by defendant and the range found pursuant to the trial court's calculations. Furthermore, we agree with the prosecutor that the sentence imposed here does not shock the conscience of this Court, considering the heinous nature of the crime. *Coles, supra.*

Affirmed.