PEOPLE v DAY

Docket No. 102133. Submitted May 12, 1988, at Detroit. Decided June 21, 1988.

Clifford Day was convicted, on his pleas of guilty, of bank robbery and armed robbery, Recorder's Court of Detroit, Michael F. Sapala, J. Defendant appealed, alleging error in the court's assessing under the sentencing guidelines of four points for use of a weapon when he used a toy gun and two points for multiple victims when there was more than one person in the bank.

The Court of Appeals *held:*

1. For purposes of the sentencing guidelines, the toy gun was a firearm. The court's assessment of points for a weapon was proper.

2. For purposes of the sentencing guidelines, each person in the bank was a victim. The court's assessment of points for multiple victims was proper.

Affirmed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*Douglas Hamel* and *Frank Singer,* for defendant on appeal.

Before: G. R. MCDONALD, P.J., and M. J. KELLY and W. F. LAVOY,* JJ.

PER CURIAM. Following defendant's plea of guilty in two separate cases to bank robbery, MCL 750.531; MSA 28.799, and armed robbery, MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

750.529; MSA 28.797, defendant was sentenced to concurrent prison terms of from fifteen to forty years on each charged offense. Defendant appeals from his sentences as of right. We affirm.

On appeal defendant claims that the sentencing judge erred in calculating the sentencing guidelines recommended sentence. Specifically defendant claims error in the assessment of four points for offense variable one, "weapon: presence, type and use" and two points for offense variable six, "multiple victims."

A sentencing judge has discretion in determining the number of points to be scored for any offense variables in the sentencing guidelines provided there is evidence on the record which adequately supports a particular score. *People v Jannifer Williams,* 147 Mich App 1; 382 NW2d 191 (1985). In the instant case defendant admitted to the use of a toy gun while committing the bank robberies. The sentencing guidelines robbery offense variable defines a firearm as "an operational or a non-operational firearm, or any instrument fashioned to reasonably appear to be a firearm." Thus, as the evidence indicated that defendant pointed the firearm at a victim, the sentencing judge was within his discretion in assessing defendant four points under offense variable 1.

We also find no abuse of discretion in the sentencing judge's assessment of two points for offense variable 6, multiple victims. We do not believe "victims" for purposes of this variable are limited to those from whom the defendant takes property. Here, in the event of police or other third party apprehension intervention, each individual in the bank at the time of the robbery was a victim subject to possible injury or death.

Affirmed.