## PEOPLE v WATKINS

Docket No. 100656. Submitted January 18, 1989, at Detroit. Decided
      April 17, 1989.

John Wesley Watkins was convicted of armed robbery and as-
    sault with a dangerous weapon following a jury trial in St.
    Clair Circuit Court, James T. Corden, J. Defendant appealed,
    contending the trial court erred and violated his constitutional
    right to present a defense when it refused to admit the testi-
    mony of defendant's psychologist to the effect that a person
    with defendant's personality type would be much less likely to
    commit the crime with which defendant was charged than
    would someone without such a personality type.

The Court of Appeals *held:*

Defendant's contention is without merit. The decision
    whether to admit evidence is within the sound discretion of the
    trial court and will not be disturbed on appeal absent an abuse
    of discretion. Defendant sought to introduce evidence of defen-
    dant's character through opinion testimony of the psychologist.
    Opinion testimony as to a person's character is not permitted
    in Michigan. The court did not abuse its discretion in excluding
    the testimony of the psychologist.

Affirmed.

1. EVIDENCE — CHARACTER EVIDENCE — OPINION TESTIMONY.

    Opinion testimony as to a person's character is not permitted in
      Michigan.

2. EVIDENCE — CHARACTER EVIDENCE — REPUTATION.

    Evidence of a person's character is limited to testimony regarding
      that person's reputation for that character trait; testimony
      regarding a person's character may only relate what the wit-
      ness has heard others say about that person's reputation, and it
      cannot relate the witness' personal opinion as to the person's
      character (MRE 404, 405).

REFERENCES

Am Jur 2d, Evidence §§ 339-351.

Admissibility of evidence of pertinent trait under Rule 404(a) of the
    Uniform Rules of Evidence. 56 ALR4th 402.

3. EVIDENCE — CHARACTER EVIDENCE — REPUTATION — SPECIFIC
    INSTANCES OF CONDUCT.

Two methods of proving character are allowed by the rules of
evidence: (1) testimony of reputation for character or a given
trait of character is permissible evidence in all cases where
character evidence is admissible and (2) testimony as to specific
instances of conduct to prove character is also admissible, but
only where character or a trait of character is an essential
element of a charge, claim, or defense (MRE 405).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for defendant on appeal.

Before: McDONALD, P.J., and DOCTOROFF and NEFF, JJ.

NEFF, J. Defendant was convicted following a jury trial of armed robbery, MCL 750.529; MSA 28.797, and assault with a dangerous weapon, MCL 750.82; MSA 28.277. Defendant was sentenced to three to fifteen years imprisonment on the armed robbery conviction and one to four years imprisonment on the assault with a dangerous weapon conviction. He now appeals and we affirm.

Defendant's sole claim on appeal is that the trial court committed error warranting reversal and violated his constitutional right to present a defense when it refused to admit the testimony of defendant's psychologist, Mark J. Dennison, Ph.D., to the effect that a person with defendant's personality type would be much less likely to commit the crimes with which defendant was charged than would someone without such a personality type.

We find defendant's contention to be without merit.

The decision whether to admit evidence is within the sound discretion of the trial court, and it will not be disturbed on appeal absent an abuse of discretion. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988). An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification for the ruling made. *People v Hamm,* 100 Mich App 429, 438; 298 NW2d 896 (1980), lv den 411 Mich 888 (1981).

The offer of proof presented by defense counsel reveals that defendant sought to introduce evidence of defendant's character through opinion testimony of Dr. Dennison. Opinion testimony as to a person's character is not permitted in Michigan. *People v McWilson,* 104 Mich App 550, 558; 305 NW2d 536 (1981), lv den 412 Mich 865 (1981).

Evidence of a person's character is limited to testimony regarding that person's reputation for that character trait. Testimony regarding a person's character may only relate what the witness has heard others say about that person's reputation, and it cannot relate the witness' personal opinion as to the person's character. *People v King,* 158 Mich App 672, 678; 405 NW2d 116 (1987).

MRE 404 and MRE 405 do not allow evidence of character to be in the form of an opinion. MRE 404 establishes the circumstances under which character evidence is admissible and provides, in pertinent part:

(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted

in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same[.]

MRE 405 sets out the allowable methods of proving character when it is admissible, providing:

(a) Reputation. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

There is no doubt that under MRE 404(a)(1) a defendant in a criminal case is permitted to open the door to scrutiny of his character and offer evidence that he is unlikely to have committed the crime. It is the method of proving good character or a particular trait of character which is in issue here under MRE 405.

Under the rule, two methods of proof are approved. Testimony of reputation for character or a given trait of character is permissible evidence in all cases where character is admissible. Testimony as to specific instances of conduct to prove character are also admissible, but only in the limited circumstances set out in MRE 405(b).

In this case, defendant sought to prove his character via opinion testimony of an expert witness. Since MRE 405 does not provide for proof of character by opinion testimony, it was not admissible under the rule. Case law before the enactment

of MRE 405 also compels the conclusion that the testimony defendant sought to admit in this case is inadmissible. In *People v Albers,* 137 Mich 678, 688-689; 100 NW 908 (1904), our Supreme Court stated:

> *The court refused to permit witnesses introduced by respondent to give their opinion, based on personal knowledge, and not on reputation, of respondent's character* for honesty and integrity. *Was this error?*
>
> *The purpose of testimony of this nature is to prove that the person charged with crime possesses a character inconsistent with guilt.* It may be said that the authorities are substantially agreed that it is not competent to prove such character by specific acts of respondent, and that it is competent to prove such character by reputation; that is, by the estimate of the community in which he lives. It is urged in this case that it is also competent to prove it by the opinion of those who have habitually observed respondent. We do not consider ourselves at liberty to examine the arguments in support of this contention, upon the assumption that this is an unsettled question. While there are authorities holding such testimony to be admissible (see 1 Bishop, New Criminal Procedure, § 1117, and the authorities there cited), *we think it authoritatively settled that the rule of the common law, which we are bound to apply, excludes it.* [Emphasis added.]

Clearly, MRE 405 has likewise adopted the common-law view excluding proof of character, where relevant and admissible, by opinion testimony.

Defendant in this case did not seek to admit testimony of specific instances of conduct to prove his character. Therefore, proof of his character was permissible only through reputation testimony. The proffered testimony of Dr. Dennison

constituted opinion, rather than reputation, testimony. Such testimony is inadmissible.

The trial court did not abuse its discretion in excluding the testimony of Dr. Dennison.

Affirmed.