PEOPLE v PARLOR

Docket No. 103790. Submitted January 10, 1990, at Lansing. Decided March 8, 1990.

Robin Dennel Parlor pled guilty in Genesee Circuit Court, Philip C. Elliott, J., to a charge of armed robbery and was sentenced to three to ten years in prison. Defendant moved for resentencing on the basis of alleged inaccuracies in scoring several offense variables of the sentencing guidelines. The motion was denied. Defendant appealed.

The Court of Appeals *held:*

There was no error in scoring the offense variables in question and, since the sentence imposed is within the recommended minimum range of the properly scored guidelines, the sentence is presumptively valid. Defendant has not rebutted that presumption, and the sentence does not shock the appellate conscience.

Affirmed.

CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentence which is within the recommended minimum range of the properly scored guidelines is presumptively valid.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Randall C. Roberts,* for defendant on appeal.

Before: GRIBBS, P.J., and WEAVER and T. E. BRENNAN,* JJ.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Criminal Law §§ 606, 629.

See the Index to Annotations under Robbery; Sentence and Punishment.

PER CURIAM. Defendant pled guilty in the Genesee Circuit Court to armed robbery, MCL 750.529; MSA 28.797, and was sentenced to three to ten years imprisonment. He thereafter moved for resentencing on the basis of alleged inaccuracies in scoring several offense variables of the sentencing guidelines. The motion was denied and this appeal as of right followed. We affirm.

There was no error in scoring the offense variables in question. Offense Variable 1 was properly scored three points as the article used by defendant met the definition of a firearm and was displayed to the robbery victims. Offense Variable 6 was properly scored one point as there were two victims of the robbery. See *People v Day,* 169 Mich App 516, 517; 426 NW2d 415 (1988). Offense Variable 7 was properly scored three points because defendant exploited the victims' vulnerability by physically restraining them in the restaurant's walk-in refrigerator. This was not a situation where the victims' vulnerability was typical of that of all robbery victims. See *People v Whetstone,* 426 Mich 866; 395 NW2d 8 (1986), adopting Judge MICHAEL KELLY's dissent in the unpublished opinion of the Court of Appeals, decided January 13, 1986 (Docket No. 81368).

Since the sentence imposed is within the recommended minimum range of the properly scored guidelines, it is presumptively valid. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Defendant has not rebutted that presumption. The sentence does not shock our appellate consciences. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.