PEOPLE v MILTON

Docket No. 105076. Submitted August 8, 1990, at Grand Rapids.
Decided December 17, 1990, at 9:00 A.M. Leave to appeal
sought.

Aaron A. Milton was convicted following a jury trial in the Delta
Circuit Court, Dean J. Shipman, J., of second-degree murder.
He was sentenced to twenty-five to fifty years' imprisonment.
He appealed alleging several errors.

The Court of Appeals *held:*

1. Evidence of a threat by the defendant to stab a third party
several hours before the fatal stabbing of the victim was
properly admitted. The prejudicial effect of the statement did
not substantially outweigh its probative value.

2. The trial court's scoring of the sentencing information
report was supported by the evidence.

3. The sentence imposed comports with the principle of
proportionality announced in *People v Milbourn,* 435 Mich 630
(1990), and was not an abuse of discretion. Departure from the
sentencing guidelines was justified because the guidelines do
not adequately account for important factors that were legiti-
mately considered at sentencing.

4. The defendant need not be resentenced under MCL
769.1(3); MSA 28.1072(3), as amended. Amendments of criminal
statutes concerning sentences or punishment are not retroac-
tive.

5. The trial court did not abuse its discretion in denying the
defendant's motion to disqualify the trial court.

Affirmed.

DANHOF, C.J., concurring in part and dissenting in part,
stated that, because the sentence exceeded the sentencing
guidelines, the case should be remanded to permit the parties
to argue the proportionality standard and to permit the trial
court to resentence the defendant in light of *Milbourn.*

REFERENCES

Am Jur 2d, Evidence §§ 324, 651.
See the Index to Annotations under Declarations or Statements;
Intent or Motive; Prior Testimony or Statement; Same or Similar
Acts or Matters.

CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PRIOR STATEMENTS.

A prior statement of general intent by a criminal defendant is not a prior act for the purposes of MRE 404(b); to be admitted, the statement must be determined to be relevant, and its probative value must outweigh its possible prejudicial effect.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Thomas L. Smithson,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender (by *Kim Robert Fawcett*), for the defendant on appeal.

Before: DANHOF, C.J., and SULLIVAN and NEFF, JJ.

NEFF, J. Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to twenty-five to fifty years' imprisonment. Defendant now appeals as of right. We affirm.

This case arises from the fatal stabbing of sixty-six-year-old Clara R. Nelson at a laundromat in Escanaba, Michigan.

I

Defendant claims that the trial court erred in admitting a statement made by defendant several hours before the homicide where he threatened to stab a third party. Defendant claims that the prejudicial effect of the threat outweighed its probative value. We disagree.

The decision whether to admit evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989). An abuse of discretion is

found only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *Watkins, supra.*

Before trial, the prosecutor sought a determination of whether evidence of certain similar acts involving defendant would be admissible at trial under *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982). Among other things, the prosecutor wished to introduce into evidence a statement allegedly made by defendant during a confrontation with Todd Juhl several hours before defendant killed Nelson. Defendant threatened to stab Juhl. Defendant responded by moving in limine to exclude all similar acts. The trial court held that the prior statement was admissible under *Golochowicz* and stated that the prior statement was relevant to issues of identity and intent.

In *People v Goddard,* 429 Mich 505, 514-515; 418 NW2d 881 (1988), however, our Supreme Court held that a statement of general intent is not a prior act for the purposes of MRE 404(b). Rather, as a statement of a party-opponent, admissibility is determined by the statement's relevancy and by whether its probative value is outweighed by its possible prejudicial effect. *Id.,* p 515.

Evidence is relevant if it tends to make the existence of a fact in issue more probable or less probable than it would be without the evidence. MRE 401; *People v Slovinski,* 166 Mich App 158, 177; 420 NW2d 145 (1988). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Id.*

Here, defendant's prior statement is relevant to the issue of defendant's theory of accident. Defen-

dant confessed to having pushed the victim and
claimed that he had forgotten that he had a knife
in his hands and accidently stabbed the victim.
The testimony that defendant had threatened to
stab Juhl during a confrontation a few hours
before the incident is probative of the fact that
defendant would stab if angered and tended to
disprove defendant's theory of accident. This state-
ment is also relevant to the issue of identity.
Defendant alternatively contended that someone
else had stabbed Nelson. Another person also con-
fessed to the killing, and the victim's husband
picked another person, not defendant, out of a
lineup. The testimony of defendant's earlier state-
ment to Juhl is probative of the issue of defen-
dant's identity as the perpetrator here.

The question then becomes one of prejudice.
While the testimony of Juhl was certainly prejudi-
cial to defendant, we cannot conclude that the
trial court abused its discretion in determining
that the prejudicial effect of the statement did not
substantially outweigh its probative value.

II

Defendant also claims that the trial court erred
in scoring the sentencing information report and
claims that Offense Variable 7, offender exploita-
tion of a victim's vulnerability, should have been
scored at zero because the victim was not vulnera-
ble and because defendant did not exploit any
alleged vulnerability. We disagree.

Appellate review of sentencing guidelines calcu-
lations is very limited. *People v Richardson,* 162
Mich App 15, 16; 412 NW2d 227 (1987). A sentenc-
ing judge has discretion in determining the num-
ber of points to be scored, provided there is evi-
dence on the record which adequately supports a

particular score. *People v Day,* 169 Mich App 516, 517; 426 NW2d 415 (1988); *People v Jannifer Williams,* 147 Mich App 1, 7; 382 NW2d 191 (1985). The Sentence Review Committee strongly recommends that this Court uphold scoring decisions for which there is any supporting evidence. *People v Reddish,* 181 Mich App 625, 628; 450 NW2d 16 (1989); *Richardson, supra,* pp 16-17.

The trial court explained its scoring of Offense Variable 7 as follows:

> I, too, went through the Sentencing Information Report, noted that ov 7 had been scored at 3 and spent a consider—considerable amount of time reflecting back on the information available to the Court through the pre-sentence information and, in fact, the trial wherein I heard the testimony.
>
> I'm going to specifically rule, as a matter of fact and law, that I believe the ov 7 scored at 3 was correct. I do believe that this offender took advantage of the disparity between himself and the victim, both in size, strength, agility, age and the ability of the offender to surprise the 66-year-old woman in a state of fatigue at the end of the day, who was attempting to mop a floor with a totally unexpected, unprovoked attack. I think, and to preserve the point for appeal, I believe it to be appropriately scored and I'm mindful of the comments that say just because one or two of these are present, I think that in this particular case, there was a definite advantage on the side of Mr. Milton. He used it. It resulted in the death of Mrs. Nelson. I refuse to change ov 7 .

We conclude that the trial court's scoring of Offense Variable 7 was supported by evidence at trial.

III

Defendant next claims that his sentence should shock this Court's conscience.

Defendant's sentence of twenty-five to fifty years' imprisonment exceeded the sentencing guidelines range of seven to sixteen years' imprisonment. Under the newly announced "principle of proportionality," our Supreme Court has instructed that departures from the guidelines, while permissible, are suspect and are subject to careful scrutiny on appeal. *People v Milbourn,* 435 Mich 630, 659-660; 461 NW2d 1 (1990). The Supreme Court also instructed, however, that "departures are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing," and that

> trial judges may continue to depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime.
>
> *	*	*
>
> . . . Even though sentencing within the guidelines is recommended rather than compulsory, departures from the guidelines, unsupported by reasons not adequately reflected in the guidelines variables, should nevertheless alert the appellate court to the possibility of a misclassification of the seriousness of a given crime by a given offender and a misuse of the legislative sentencing scheme.
>
> *	*	*
>
> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert

the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. [*Id.,* pp 657, 659-660.]

*Milbourne* further instructed that

[t]he trial court appropriately exercises the discretion left to it by the Legislature *not* by applying its own philosophy of sentencing, but by determining where, on the continuum from the least to the most serious situations, an individual case falls and by sentencing the offender in accordance with this determination. [*Id.,* pp 653-654.]

Defendant clearly raised and preserved the issue of sentence length in this appeal which was pending when *Milbourn* was decided. Therefore, *Milbourn* applies to this appeal. *Id.,* p 670.

Applying the new standards of appellate sentence review announced in *Milbourn* to the exercise of sentence discretion by the trial judge in this case, we conclude that the sentence imposed comports with the "principle of proportionality" and does not constitute an abuse of discretion.

In sentencing defendant, the trial court stated in pertinent part:

I do not intend to sentence [defendant] in a sterile vacuum. I do intend to exceed the guidelines and as scored by myself, those guidelines in response to the Defendant's request, those guidelines would be 84 to 192 months and I do intend to exceed them. This is one of those cases where indeed although I do not look to pass conviction as a juvenile, as I say, I cannot remain in a vacuum and there is a clear pattern known to the Court of Mr. Milton's activities which shows escalating aggressiveness and assaultiveness and in particular, as in this case, and the sworn evidence before the

Court, Mr. Milton is not adverse to the use of weapons, deadly weapons. He has now done so, effecting the death of this woman. It is time to discipline Mr. Milton and it is time to remove him from society for its own protection with the hope that there will be a time of rehabilitation or reformation. And in so doing, I accept the comments as reasons for this sentence, in addition to those comments that Mr. Milton at this level does not understand the reasons for moral or ethical rules. He is not able to reflect upon his own behavior in advance and guide himself in a rational fashion. He has no religious training or beliefs which could be substituted for a rational guide to his behavior. Abstract thinking skills must be developed in Mr. Milton through education and counseling for him to be able to understand himself, what is happening to him, what the future may hold for him, and determine his own course of action in accordance with the rules of society. It would appear from the evaluation performed for sentencing that Mr. Milton does have some potential for rehabilitation if the above issues are addressed as a major part of a rehabilitation effort.

The trial judge found that there was a "totally unexpected, unprovoked attack" on the victim. His reasons for sentencing defendant in excess of the guidelines included defendant's escalating aggressiveness and assaultiveness, the fact that defendant is not adverse to using deadly weapons, that defendant does not understand the reasons for moral or ethical rules, and that defendant needs to develop abstract thinking skills. These circumstances were not adequately embodied within the variables used to score the guidelines and justified the departure from the guidelines.

Our review of the sentencing transcript does not leave us with the conclusion that the trial judge was imposing a subjective personal "philosophy of

sentencing" which would be prohibited by *Milbourn, supra,* pp, 651-654. Rather, the sentence imposed in this case quite clearly is a reasoned response to the seriousness of the crime and the criminal history of the offender. In our view, *Milbourn* requires no more and no less, and we accordingly find no reason articulated in *Milbourn* to remand this case for resentencing.

IV

Defendant claims that he should be resentenced under MCL 769.1(3); MSA 28.1072(3), as amended by 1988 PA 78. The amendatory act took effect October 1, 1988. Defendant was sentenced on October 7, 1987. Defendant argues that the case should be remanded and a hearing held pursuant to the amended statute to determine whether defendant should be committed to a state youth rehabilitation institution. We disagree. Amendments of criminal statutes concerning sentences or punishment are not retroactive. *People v Marji,* 180 Mich App 525, 543; 447 NW2d 835 (1989); *People v Jackson,* 179 Mich App 344, 351; 445 NW2d 513 (1989).

V

Defendant contends that the trial judge erred in denying his motion for disqualification. Defendant claims that the trial judge was exposed to inadmissible evidence before sentencing and was, therefore, not impartial.

At a pretrial motion hearing, defendant requested that the trial judge review the waiver proceedings from the probate court. At best, it is unclear from the record whether defendant wanted to have the waiver proceedings reviewed

before or after trial. The trial judge found that the
probate court's findings of fact were based on
substantial evidence and affirmed the waiver deci-
sion. Included in the probate court's opinion were
findings of fact based on the testimony of Carl
Poit, a psychologist who examined defendant.

After defendant's conviction, he moved to dis-
qualify the trial judge from sentencing. He argued
at the hearing on the motion that the trial judge
had been exposed to testimony by Poit that would
be inadmissible at trial under MCR 5.911(G) and
would affect the trial judge's sentencing decision.
Defendant also moved to have Poit's report sup-
pressed and deleted from the presentence investi-
gation report. The trial judge denied defendant's
motion to disqualify, but granted defendant's mo-
tion to suppress the report, noting that he had not
reread Poit's report in consideration of sentencing.
Defendant's motion to disqualify was reviewed de
novo by another circuit judge, who also denied
defendant's motion.

The denial of a motion to disqualify is tested
under an abuse of discretion standard. *People v
Houston,* 179 Mich App 753, 755; 446 NW2d 543
(1989); *People v Upshaw,* 172 Mich App 386, 389;
431 NW2d 520 (1988). We have reviewed the rec-
ord and conclude that the trial court did not abuse
its discretion in denying defendant's motion to
disqualify.

Defendant also argues that his right to due
process of law and his right against self-incrimina-
tion were violated when he was sentenced by a
judge who had reviewed the psychological report
and testimony. The right against self-incrimina-
tion attaches at a court-ordered psychiatric exami-
nation used for sentencing purposes. *People v
Wright,* 431 Mich 282, 295; 430 NW2d 133 (1988).
Defendant has not, however, shown a violation of

this right. Defendant has made no showing that, apart from the sentencing judge's knowledge of the results of the examination, Poit's testimony or report was actually used in sentencing. Defendant's argument is without merit.

Affirmed.

Sullivan, J., concurred.

Danhof, C.J. *(concurring in part and dissenting in part)*. I dissent from part III of the majority opinion. As noted by the majority *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), clearly applies to this case. *Milbourn* placed considerable emphasis on the sentencing guidelines in assessing whether a trial court comported with the principle of proportionality. The trial court in this case exceeded the guidelines. For this reason alone, I would remand this case to permit the parties to argue the proportionality standard and to permit the trial court to resentence defendant in light of *Milbourn.* Until the trial court has the opportunity to apply *Milbourn,* I would not intimate any opinion regarding whether defendant's sentence comported with or violated the principle of proportionality.