John Curtis COOK, Petitioner,

v.

Jimmy STEGALL, Respondent.

No. Civ. 97–40060.

United States District Court,
E.D. Michigan,
Southern Division.

May 18, 1999.

Janet Van Cleve, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for Jimmy Stegall.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge

Petitioner, John Curtis Cook ("petitioner"), presently confined at the Macomb Regional Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed pro se, petitioner challenges his conviction on one count of second degree murder, M.C.L. 750.317; M.S.A. 28.549, for the stabbing death of his wife, Helen Cook. For the reasons stated below, petitioner's application for a writ of habeas corpus is denied.

1. Michigan Court of Appeals File No. 148762.

## I. Background

On April 27, 1991, at 3:04 A.M. officers in Macomb County, Michigan received a call to the Cooks' home from petitioner, in which he stated that a break-in had occurred and that his wife had been injured. When they arrived at the scene, petitioner was kneeling on the kitchen floor next to his wife. It was apparent that Helen Cook had been seriously injured and she was immediately taken to the hospital via ambulance. She died there from multiple stab wounds inflicted by a kitchen knife from her own home.

At trial, petitioner testified that on the night in question, he returned home after consuming several shots of whiskey and beer. He and his wife got into an argument, with his wife shouting at him. According to petitioner, his wife attacked him with a knife, and he disarmed her by hitting her with his fist and a radio. After petitioner threw the knife into the sink, his wife purportedly grabbed the knife again and once again attacked petitioner, with the two falling to the floor. Petitioner claimed that he did not recall stabbing his wife, stating that he woke up outside. Petitioner acknowledged calling the police and informing them that there had been a break-in at his home.

Following his trial by jury, petitioner was convicted of second degree murder on October 25, 1991. At the beginning of the trial, defense counsel filed a written motion to exclude certain statements made by petitioner several months prior to his wife's murder. In these statements, petitioner asserted that he would kill his wife if she ever left him. The court denied defense counsel's motion and the statements were admitted at trial.

On December 5, 1991, petitioner was sentenced to a term of 20 to 50 years' imprisonment. On April 24, 1995, the Michigan Court of Appeals affirmed the judgment of conviction and sentence in an unpublished opinion.[1] On March 29, 1996,

the Michigan Supreme Court denied petitioner's application for leave to appeal.[2] Petitioner moves this Court to grant his petition for a writ of habeas corpus on the following grounds:

CLAIM 1: DID THE TRIAL COURT ERR REVERSIBLY BY DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR ALLEGED STATEMENTS BY DEFENDANT REGARDING KILLING THE VICTIM?

CLAIM 2: IS REVERSAL REQUIRED BECAUSE THE TRIAL JUDGE DENIED DEFENDANT DUE PROCESS OF LAW BY CLOSING THE COURTROOM TO THE PUBLIC WHERE DEFENDANT DID NOT WAIVE THE CONSTITUTIONAL RIGHT TO A PUBLIC TRIAL AND THE TRIAL JUDGE DID NOT HOLD A HEARING AND/OR FIND COMPELLING REASONS FOR CLOSING THE COURTROOM?

CLAIM 3: DID THE PROSECUTOR'S ACTS OF MISCONDUCT VIOLATE THE ATTORNEY/CLIENT PRIVILEGE, SHIFTING THE BURDEN OF PROOF, ARGUING FACTS NOT IN EVIDENCE, DISTORTING THE FACTS, AND APPEALING TO THE EMOTIONS OF THE JURY DENIED [sic] THE DEFENDANT A FAIR TRIAL?

CLAIM 4: DID THE COURT'S FAILURE TO INSTRUCT THAT THE PROSECUTION HAD THE BURDEN OF PROVING THE ABSENCE OF HEAT OF PASSION BEYOND A REASONABLE DOUBT IN ORDER TO CONVICT DEFENDANT OF MURDER RATHER THAN MANSLAUGHTER DENY DEFENDANT HIS FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW?

CLAIM 5: DID DEFENSE COUNSEL MAKE A SERIES OF SERIOUS MISTAKES THAT DEPRIVED PETITIONER OF THE EFFECTIVE ASSISTANCE OF COUNSEL?

CLAIM 6: IS DEFENDANT ENTITLED TO A RE–SENTENCING WHERE THE COURT CONSIDERED CONSTITUTIONALLY INVALID CONVICTIONS AT SENTENCING?

CLAIM 7: MUST DEFENDANT BE RESENTENCED WHERE AN INCORRECTLY SCORED SENTENCING INFORMATION REPORT WAS UTILIZED AT SENTENCING?

### II. Standard of Review

■ Review of a state court's decision under 28 U.S.C. § 2254 is governed by the standards established by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 26, 1996). The Act altered the standard of review that a federal court must use for writs of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

2. Michigan Supreme Court File No. 103564.

28 U.S.C. § 2254(d). To implement this new standard of review, the United States Court of Appeals for the Sixth Circuit chose to follow an approach employed by the United States Court of Appeals for the First Circuit in *Martin v. Bissonette*, No. 96–1856, 1997 WL 280602, *9 (1st Cir. May 29, 1997), withdrawn and new opinion issued, 118 F.3d 871 (1997). *Harpster v. Ohio*, 128 F.3d 322, 326–27 (6th Cir.1997).[3] First, the reviewing court should determine whether the Supreme Court has established a precedent which clearly compels an outcome for the issue at hand. Then, if no such Supreme Court precedent exists, the court should determine whether the state court decision involved an unreasonable application of federal law as established by the Supreme Court. *Harpster*, 128 F.3d at 327.[4]

Under the standard outlined in *Harpster*, the initial question is whether a Supreme Court precedent determines the outcome for the issues raised in the petition for writ of habeas corpus. If there is no Supreme Court precedent controlling those issues, then this Court must determine whether the state court decision on those issues constituted an unreasonable application of federal law as established by the Supreme Court.

### III. Discussion

**A. Claim 1.** Petitioner's first claim deals with the admission of evidence of his prior statements. Specifically, petitioner objected at trial to the admission of statements he made several months prior to his wife's death. It was established at trial that petitioner had stated on at least two prior occasions that he would kill his wife if she ever tried to leave him.[5] These statements were admitted, over defense counsel's objections, and they are the basis of petitioner's first claim.

While it is true that the Michigan Court of Appeals did decide that the trial court had abused its discretion by the admission of these statements, the appellate court also determined that this constituted harmless error. Their opinion reads as follows:

This case arises from the stabbing death of defendant's wife. Before trial, defendant moved in limine to exclude statements he made several months before the homicide on the grounds that they were irrelevant. The statements were to the effect that defendant would kill his wife if she ever tried to leave him. The trial court determined that the statements fit into an exception to the hearsay rule and so admitted them.

The decision whether to admit evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v. McAlister*, 203 Mich.App. 495, 505, 513 N.W.2d 431 (1994). An abuse of discretion is found only if an unpreju-

---

**3.** It should be noted that the First Circuit withdrew its initial opinion because the Supreme Court subsequently held that the AEDPA was not to be applied retroactively. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2067–68, 138 L.Ed.2d 481 (1997). The petition in *Martin* had been filed prior to the effective date of the AEDPA and therefore was not subject to its provisions. Despite the fact that the First Circuit withdrew its analysis of the applicable standard of review under the AEDPA, the Sixth Circuit has elected to follow the reasoning of that withdrawn decision.

**4.** The court compared this approach to that of the Courts of Appeals for the Fifth and Seventh Circuits as outlined in *Drinkard v. Johnson*, 97 F.3d 751, 767–68 (5th Cir.1996) and *Lindh v. Murphy*, 96 F.3d 856, 870 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under that approach, the reviewing court first determines whether the issue at hand is one of law, fact, or a mixed question of law and fact. If the issue is one of fact, § 2254(d)(2) applies. If one of law, the "contrary to" language of § 2254(d)(1) applies, and if one of mixed law and fact, the "unreasonable application" language of § 2254(d)(1) applies. Although the Court of Appeals for the Sixth Circuit chose to adopt the First Circuit approach, the court noted that the two approaches would likely lead to the same result. *Harpster*, 128 F.3d at 327.

**5.** Trial Transcript II at 31 and 38.

diced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *Id.*

The admissibility of a statement of general intent is determined by the statement's relevancy and by whether its probative value is outweighed by its possible prejudicial effect. *People v. Goddard,* 429 Mich. 505, 514–515, 418 N.W.2d 881 (1988); *People v. Milton,* 186 Mich.App. 574, 576, 465 N.W.2d 371 (1990). Evidence is relevant if it tends to make the existence of a fact in issue more probable or less probable than it would be without the evidence. MRE 401; *Milton, supra.* Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Id.*

In this case, statements were made between seven and sixteen months before the offense, perhaps in jest or while the defendant was under the influence of alcohol and were therefore of minimal relevance. Any value that the statements may have had was outweighed by the danger of unfair prejudice. Further, the evidence was cumulative. Numerous witnesses testified that they heard arguing or screaming on the night of the killing. It was therefore not necessary to present evidence of statements to show defendant intended, planned, or had a motive to kill his wife. Hence the trial court abused its discretion in admitting the statements. Any error, however, was harmless. MCR 2.613(A). The evidence that was properly admitted was sufficient to allow a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt.[6]

This Court agrees with the Michigan Court of Appeals that the admission of petitioner's prior statements constituted harmless error and therefore does not provide petitioner with grounds for habeas relief. *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Petitioner's claim on this issue is denied.

**B. Claim 2.** Petitioner's second claim is that his right to due process of law was violated when the trial court closed the courtroom during voir dire due to space concerns. The trial court made the following statement on the first day of trial:

> THE COURT: Now, are all of you people out there on this, interested in this *People v. Cook* case, mostly? You're gonna have 70 jurors down here and after we get the jury selected, then you'll be able to come back in, but there just isn't room for you in here at this time. If you're here on something else, you'll have to leave till we get the jury selected. All right. You may go get the jury.[7]

While this record does show that some spectators had to leave the courtroom during voir dire due to limited space, it does not show that petitioner objected to this in any way. The Michigan Court of Appeals found that this claim was procedurally barred because petitioner failed to make a factual record of this claim during the trial. His attorney failed to object to the court's effort to make room and therefore, petitioner's claim was not preserved for appeal. The doctrine of procedural default applies when a petitioner's failure to object at trial bars state appellate review. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Further, when the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to

---

6. Michigan Court of Appeals opinion at 2.

7. Trial Transcript at 9.

consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

Petitioner has not demonstrated cause for his default nor has he alleged that a fundamental miscarriage of justice will result if his claim is barred from review. Therefore, this Court holds that petitioner's second claim is barred from consideration due to procedural default.

**C. Claim 3.** Petitioner's third claim regarding prosecutorial misconduct is also procedurally barred by his failure to make a timely objection at trial. When the state courts "clearly and expressly" rely on ·a valid state procedural rule to bar appellate review of a federal constitutional claim, federal habeas review of the claim is also barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). If petitioner fails to show cause for her procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner has not attempted to set forth any cause to explain his state procedural default. Ineffective assistance of counsel may be cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, attorney error that falls short of constitutional ineffective assistance of counsel does not constitute "cause" for a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In the case at bar, the Michigan Court of Appeals determined that petitioner's counsel was not constitutionally ineffective, stating:

Defendant argues next that he was denied the effective assistance of counsel when counsel failed to object to each of his claims of prosecutorial misconduct. To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's representation prejudiced the defendant so as to deprive him of a fair trial. Defendant did not move for ·a new trial or evidentiary hearing on this basis below. Failure to so move forecloses appellate review unless the record contains sufficient detail to support defendant's claims, and if so, review is limited to the record.

We have already reviewed each allegation of error with respect to defendant's claim of prosecutorial misconduct. Having found no error, we fail to see how defense counsel's failure to object was either deficient or prejudicial to the defendant's case.[8]

The Court of Appeals was satisfied with the performance of petitioner's trial counsel and this Court will not review each and every strategic decision made by counsel as that is not the purpose of the constitutional guarantee of effective assistance. Indeed, trial counsel's tactical decisions are particularly difficult to attack, *McQueen v. Scroggy*, 99 F.3d 1302, 1310–11 (6th Cir.1996), and a habeas petitioner's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. Even if the Court were to overlook petitioner's procedural bar, it has been established to this Court's satisfaction that there was no prosecutorial misconduct during petitioner's trial. Therefore, petitioner's trial counsel was not ineffective by failing to object to the prosecutor's comments. Petitioner is not entitled to habeas relief based on his third claim.

---

8. Michigan Court of Appeals Opinion at 2.

**D. Claim 4.** Petitioner next claims that the trial court erred in failing to instruct that the prosecution had the burden of proving the absence of heat of passion beyond a reasonable doubt in order to convict petitioner of second degree murder rather than voluntary manslaughter.

Before a federal court may overturn a conviction resulting from a state trial, it must be established not merely that the jury instruction given was undesirable, erroneous, or even universally condemned', but that it violated some right guaranteed to petitioner under the Fourteenth Amendment. *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *See also Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process". *Cupp,* supra 414 U.S. at 147, 94 S.Ct. 396.

Petitioner's claim that the instructions as provided by the trial court were incorrect is barred by his procedural default due to trial counsel's failure to object to the jury instructions as they were given by the trial court. When the state courts "clearly and expressly" rely on a valid state procedural rule to bar appellate review of a federal constitutional claim, federal habeas review of the claim is also barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in "a fundamental miscarriage of justice." *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). If petitioner fails to show cause for a procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

Petitioner has not attempted to set forth any cause to explain his state procedural default. Ineffective assistance of counsel may be cause for procedural default. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Petitioner has not alleged in his petition for a writ of habeas corpus that trial counsel was ineffective by failing to object to the jury instructions as given. Petitioner has therefore failed to set forth cause as to this procedural default.

Failure to object to jury instructions waives any claim of error unless relief is necessary to avoid manifest injustice. *People v. Van Dorsten,* 441 Mich. 540, 544–545, 494 N.W.2d 737 (1993). Trial counsel's failure to object to these instructions waives the issue on appeal. Noncompliance with state rules which bar state appellate review of a claim involving inaccurate jury instructions will also bar federal habeas review, absent a showing of cause and prejudice, or actual innocence. *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Bond v. Procunier,* 780 F.2d 461, 464 (4th Cir.1986).

Petitioner can not show that the trial court's second degree murder instruction was constitutionally defective because it failed to instruct the jury that the prosecutor had to prove the absence of heat of passion beyond a reasonable doubt to convict petitioner of second degree murder.

Second degree murder is a killing committed with malice aforethought, but without premeditation and deliberation. *People v. Morrin,* 31 Mich. App. 301, 187 N.W.2d 434 (1971). Malice aforethought is defined as an intent to kill, an intent to do great bodily harm, or a wanton and wilful disregard that the natural tendency of one's behavior is to cause death or great bodily harm. *People v. Aaron,* 409 Mich. 672, 299 N.W.2d 304 (1980). Absence of provocation is not an element which the prosecution must prove for conviction of second degree murder, and a trial court's failure to instruct on it

is not erroneous. *People v. Deason,* 148 Mich.App. 27, 384 N.W.2d 72 (1985).

Because the absence of provocation is not an element of the crime of second degree murder, the prosecution was not required to prove this beyond a reasonable doubt. Petitioner has failed to establish that he was prejudiced by the failure to give this instruction and his fourth claim must fail.

**E. Claim 5.** Petitioner next claims that he was denied the effective assistance of counsel as guaranteed under the Sixth Amendment. To show that he was denied the effective assistance of counsel under **federal** constitutional standards, a defendant must demonstrate that, considering all of the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner failed to move for a new trial or evidentiary hearing on the issue of ineffective assistance of counsel in the state trial court prior to his appeal. Failure to so move precludes appellate review of the issue unless the record contains sufficient details to support defendant's claims, and if so, review is limited to the record. *People v. Armendarez,* 188 Mich.App. 61, 74, 468 N.W.2d 893 (1991). A federal habeas petitioner, in seeking an evidentiary hearing on a claim that material facts were not adequately developed in state proceedings, is required to show cause for his failure to develop these facts and prejudice resulting from this failure. *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). Petitioner has not shown cause for his failure to conduct an evidentiary hearing on this matter in the trial court below and has not shown that he has been prejudiced from this failure.

More importantly, this Court has already determined in its review of the lower court record that the prosecutor's comments did not deprive petitioner of his right to a fair trial. Therefore, petitioner's claim of ineffective assistance of counsel must also fail.

**F. Claim 6.** Defendant next claims that he is entitled to re-sentencing because the trial court considered constitutionally invalid convictions at sentencing. A trial court is prohibited from using prior convictions from proceedings in which a defendant was not represented by counsel and did not waive that right. *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1973); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

In the present case, the trial court indicated in its Opinion and Order dated July 29, 1993 that it did not consider these two prior misdemeanor convictions in scoring petitioner's sentencing guidelines or in determining sentence length (*See Opinion and Order of the Macomb County Circuit Court at page 3*). It is also worth noting that these two prior misdemeanor convictions were not used in determining petitioner's sentencing guidelines range, because he received a prior record variable score of A, which is the lowest prior record variable available under the state sentencing guidelines. *See Michigan Sentencing Guidelines,* Second Edition, 1988. Because the trial court did not consider these prior convictions in determining petitioner's sentence, there is no error that petitioner can complain of.

Moreover, the trial court noted that petitioner failed to make a prima facie showing that these convictions had been obtained in contravention of his Sixth Amendment right to counsel. To invoke his right to a hearing pursuant to *United States v. Tucker,* supra, petitioner was required to present prima facie proof, such as a docket entry or transcript showing the absence of counsel, or in the alternative, that petitioner requested such records from the sentencing court and that the

court failed to reply or refused to furnish copies of such records in a reasonable period of time. *People v. Moore*, 391 Mich. 426, 440–441, 216 N.W.2d 770 (1974). The state court's factual findings on this issue are presumed correct and petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In the present case, the trial court determined that petitioner failed to present evidence to show that these prior convictions were obtained in violation of his right to counsel. Petitioner has failed to present clear and convincing evidence to this Court that the state trial court's findings of fact were incorrect.

Moreover, because petitioner failed to develop the factual basis for this claim in the state court, this Court would be precluded under 28 U.S.C. § 2254(e)(2) from conducting an evidentiary hearing on the matter unless petitioner could demonstrate that:

A. the claim relies on

i. a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or

ii. a factual predicate that could not have been previously discovered through the exercise of due diligence; and

B. the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

In the present case, petitioner can not demonstrate that a new rule of constitutional law has been developed since he first raised this issue that would afford him an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Because he raised this issue in his appeal to the Michigan Court of Appeals and on remand to the state trial court for re-sentencing, petition-er cannot argue that he is raising this issue in federal court because he was unaware of its existence prior to the filing of his petition in federal court. Petitioner's claim must therefore fail.

**G. Claim 7.** Lastly, petitioner claims that the state trial court incorrectly scored one of the offense variables in determining his state sentencing guidelines range. Petitioner claims that the trial court erred in scoring by giving him twenty five (25) points under **Offense Variable Three** of the Michigan Sentencing Guidelines for an unpremeditated intent to kill. Petitioner states that he should have only received ten (10) points under this offense variable for being involved in a combative situation. If petitioner's argument is correct, this would reduce his sentencing guidelines range from **AIII, 96–300 months** to **AII, 48–180 months.** *See Michigan Sentencing Guidelines,* Second Edition, Homicide Grid.

A sentence based on inaccurate information violates due process and entitles a defendant to a re-sentencing. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). However, a sentence imposed within the statutory limits, as was this sentence, is not generally subject to appellate review. *United States v. Owens*, 902 F.2d 1154 (4th Cir.1990).

The Court concludes that the error complained of involves the trial court's interpretation of the Michigan Sentencing Guidelines. Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Because petitioner's claim here does not allege a violation of the federal constitution, he is not entitled to relief from this Court.

After reviewing the record of this case, this Court is also convinced that the trial court did not abuse its discretion in assessing twenty five points against petitioner under **Offense Variable Three** of the Michigan Sentencing Guidelines for an un-

premeditated intent to kill Petitioner claims that this killing occurred during a combative situation in which the decedent actually attacked him with a knife not once but twice. However, several witnesses testified that prior to the homicide, petitioner had made comments about wanting to kill his wife. Petitioner's mother-in-law, Alosia Hertzog, testified that, on the night in question, her daughter, Helen called her from her home and that she could hear petitioner screaming obscenities in the background. She also heard petitioner state that if Helen (decedent) was dead, he could get social security for the children (Transcript II, pp. 13–20). Evidence was also presented that petitioner had recently admitted to his wife that he had been sexually molesting her daughters and his stepdaughters, which had caused an exacerbation of tensions between the two.

 Appellate review of a court's scoring of the variables related to an offense is very limited by the Michigan courts. The sentencing judge has discretion in determining the number of points to be scored, as long as there is evidence on the record to support the score. *People v. Daniels,* 192 Mich.App. 658, 674, 482 N.W.2d 176 (1991).

In *People v. Buck, Sego, Geick, and Holcomb,* 197 Mich.App. 404, 496 N.W.2d 321 (1992); rev'd on other grds 444 Mich. 853, 508 N.W.2d 502 (1993), the Michigan Court of Appeals ruled that it was not error for the sentencing court to assess twenty five points under **Offense Variable Three** against a defendant convicted of second degree murder, where there was testimony that this defendant had told a number of people that he wanted to kill the victim on the day of the shooting and had discussed with the co-defendants who would shoot the victim prior to the shooting.

Similarly, in the present case, where petitioner made statements about killing his wife both prior to and on the night of the killing, the trial court did not

err in refusing to reduce the sentencing guidelines to reflect the presence of a combative situation. The only evidence that decedent attacked petitioner came from petitioner's own testimony. Petitioner's own credibility is called into question, however, by the fact that he initially told the police that decedent had been assaulted during a break-in of the home. In addition, the jury's verdict is inconsistent with petitioner's claim.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**