587 So.2d 168 (1991)
STATE of Louisiana
v.
Craigory A. ARMSTRONG.
No. 90-KA-1614.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1991.
*169 Dana Hurry Butler, Student Practitioner, Calvin Johnson, Supervising Atty., New Orleans, for Craigory Armstrong.
Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for the State.
Before BARRY, WARD and ARMSTRONG, JJ.
WARD, Judge.
The Orleans Parish Grand Jury returned an indictment charging Craigory Armstrong with aggravated rape. Armstrong was tried before a petit jury and found guilty of forcible rape, a lesser crime. The trial court sentenced him to serve twenty-five years at hard labor, the first two without benefit of parole. In this appeal, counsel for Armstrong contends the Trial Court made several trial errors which led the petit jury to reach an erroneous verdict. In addition, counsel makes the inevitable argument that Armstrong was denied due process of law, arguing the Jackson v. Virginia standard of proof was not met by the State.
We disagree and affirm the Trial Court's ruling. Turning first to the due process argument, Jackson v. Virginia holds that due process requires the State to produce sufficient evidence of guilt so that a juror, when viewing the evidence in a light most favorable to the State, could reasonably reach the conclusion that Armstrong's guilt was proven beyond a reasonable doubt.
The victim, who is Armstrong's eight year old cousin, testified that Armstrong raped her during the early morning hours while she was sleeping on the floor of his mother's house, where he lived. Although several other children were sleeping in the same room, none awakened. The victim's twelve year old sister, another cousin of Armstrong, testified that the victim immediately told her that she had been raped. Neither child told an adult about the rape that night. Two days later, when the victim complained of stomach cramps, her aunt took her for treatment to Dr. Gregory Molden. After diagnosing the pains as the symptoms of a venereal disease, gonorrhea, Dr. Molden notified the child protection bureau of the New Orleans Police Department. After interviewing the victim the police arrested Armstrong. He was brought to the police station where he was advised of his rights and questioned. He gave an explanation which the police recorded on tape:
"* * then I went back down still watching T.V. and . um .. she came and sit down beside me and then she starting playing with my privates ... and I laid down on the floor and she laid down beside me .. ya know .. and she kept on playing with it and went to raising her little skirt up .. and pulling her little draws down ... ya know ... unbottoned my pants and I helped her a little bit ... ya know .. and .. um .. then I just got on her ..."
Armstrong said more, but it was all said to show that his eight year old cousin initiated the intercourse and aroused him. But, most importantly, not only did he admit that they had intercourse, he acknowledged that he once had gonorrhea which he thought had been cured.
Armstrong presented three alibi witnesses; the jury believed none of them. The jury resolved the credibility issue in favor of the State's witnesses. Jackson v. Virginia does not demand a review of a jury's decision based on the credibility of witnesses. In this case, the State presented evidence that would support a verdict of aggravated rape. Although Armstrong was indicted for aggravated rape, the petit jury returned a verdict of forcible rape. The jury may do this out of compassion or for any number of reasons which do not have to be articulated and can not be questioned. However, in considering the Jackson v. Virginia test, the standards are met if the evidence supports the more serious crime, even if the jury returns a lesser included responsive verdict. State v. Schrader, 518 So.2d 1024 (La.1988). Armstrong's Jackson v. Virginia complaint does not have merit.
In addition to the Jackson v. Virginia argument, counsel for Armstrong contends *170 the Trial Court erred by permitting Armstrong's confession to be heard by the jury. Counsel argues that the confession was coerced by the police, and that the Trial Court erred by deciding the confession was freely and voluntarily given after the police advised Armstrong of his constitutional rights. When a confession is challenged the Trial Court must first decide whether the confession may be presented to the jury. In this case there was conflicting testimony, and the decision turned on the credibility of witnesses. A decision of a Trial Court based on the credibility of witnesses to admit the confession must be affirmed unless there is no evidence in the record to support it. State v. Lowdins, 412 So.2d 1349 (La.1982). In this case there is more than enough.
Counsel also contends the Trial Court erred by excluding the testimony of defendant's expert witness, a clinical psychologist. After the Trial Court refused to permit the witness to testify, Counsel offered the witnesses's written report to show the nature of the testimony that was excluded. The report shows that the witness would have given expert testimony that Armstrong's "psychological dynamics would not support the view of him being a child sexual perpetrator". Unlike those cases cited by Counsel, the testimony of Armstrong's expert would have been an expression of opinion as to Armstrong's innocence.
Louisiana Code of Evidence Art. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opiniion or otherwise.
Although La. C.E. art. 702 et seq. has generally relaxed heretofore stringent qualifications for expert witnesses, greatly facilitating the use of expert testimony, the Trial Court still retains broad discretion to decide if that testimony should be admitted, particularly in jury trials. See La. C.E. Art. 701, comment (d). In this case, where the expert would give an opinion as to the innocence of Armstrong, the Trial Court did not abuse that discretion. As a matter of fact, that testimony was not admissible.
Art. 704. Opinion on ultimate issue * * *. However, in a criminal case. An expert witness shall not express an opinion as to the guilt or innocence of the accused.
The trial court did not err.
Last, Counsel contends the Trial Court imposed an excessively harsh sentence of twenty-five years. The Trial Court meticulously examined the sentencing guidelines of La.C.Cr.P. 894.1 before sentencing Armstrong. Considering the circumstances of this crimethe youth of the victim, the trauma of venereal diseasethere is no merit to counsel's argument.
For the foregoing reasons, we affirm Armstrong's conviction and sentence.
AFFIRMED.