841 So.2d 718 (2003)
STATE of Louisiana
v.
Michael HUGHES.
No. 2002-KK-2455.
Supreme Court of Louisiana.
January 31, 2003.
*719 PER CURIAM.
We grant the state's mid-trial writ application to consider the ruling of the trial court that respondent may present the testimony of a psychologist and expert in the area of child sexual abuse for purposes of establishing that he does not have the psychology of a child sexual predator and that nothing in his sexual or psychological makeup appears consistent with the allegations of sexual abuse in the present case. For the reasons that follow, we conclude that respondent may not present opinion testimony of this nature to establish it is likely he would not commit the charged acts and to bolster his defense that the allegations made against him by the victim, and other witnesses called by the state to establish other incidents of sexual abuse, are false.
The state charged respondent in a three-count bill of information with aggravated rape, aggravated oral sexual battery, and molestation of a juvenile, in violation of La.R.S. 14:42, 14:43.4 (subsequently repealed) and 14:81.2, respectively. The charged acts all involved respondent's stepdaughter and allegedly took place over a four-year period of time in Louisiana and Florida. Respondent waived a jury and at trial before the court alone the state called not only the victim in the present case but also her two stepsisters, who testified that they, too, had been abused by respondent. The state introduced the testimony regarding other uncharged acts of child sexual abuse allegedly committed by respondent under the authority of newlyenacted La.C.E. art. 412.2(A), see 2001 La. Acts 1130, which provides that at trial of a sex crime committed against a victim under the age of 17 years, "evidence of the accused's commission of another *720 sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant ...."
After the state rested, the trial court granted respondent's motion for a directed verdict on the count charging aggravated oral sexual battery. As to the remaining charges, respondent called to the stand, among other witnesses, Dr. Edward Shwery, a clinical psychologist and an expert in the sexual abuse of children, in support of his defense that the charges made by the victim and her sisters were false and "completely out of character" for him. On the latter point, the defense sought to counter the state's evidence of his "lustful disposition" towards children, as revealed by the testimony of the victim and her stepsisters, with Dr. Shwery's personal and professional opinion, based on his extended interview with respondent in the week before trial, and on the results of several standardized psychological tests administered as part of that process, that respondent is "very moralistic" and that nothing in his psychological makeup or history classified him as a sexual predator or appeared consistent with the allegations of sexual abuse made in the present case. "If they can introduce evidence of lustful disposition," defense counsel argued, "we can introduce evidence of no lustful disposition."
The state objected to any testimony regarding respondent's mental status on grounds that respondent had not entered a dual plea of not guilty and not guilty by reason of insanity and had not provided disclosure of the psychologist's findings and notice of a defense based upon mental condition as a matter of the discovery provisions in La.C.Cr.P. art. 725 and 726. The trial court overruled the objections, reasoning that the defense was "not introducing evidence of a mental defect. In fact, it's just the opposite." At the close of Dr. Shwery's testimony, the court recessed trial and thereby provided the state with an opportunity to seek review of its ruling as to the admissibility of the psychologist's opinion regarding the defendant's moral character and non-pedophiliac sexual disposition. The First Circuit subsequently denied the state's application without comment. State v. Hughes, 02-1804 (La.App. 1st Cir.9/23/02).
We agree with the trial court that an accused in Louisiana is not required to enter an insanity plea, or to provide notice of a defense based on a mental condition, to introduce evidence, assuming that it is otherwise admissible, to establish that he or she is a sane and normal human being with non-deviant sexual predispositions. Cf. La.C.Cr.P. art. 651 ("When a defendant is tried upon a plea of `not guilty,' evidence of insanity or mental defect at the time of the offense shall not be admissible."); State v. Lecompte, 371 So.2d 239, 243 (La. 1979)("Under this statute, evidence of a mental condition or defect is inadmissible when the defendant failed to plead not guilty and not guilty by reason of insanity. Moreover, a mental defect or disorder short of insanity cannot serve to negate specific intent and reduce the degree of the crime."). In the present case, respondent's defense is simply that the victim and her sisters are lying, as demonstrated in part by his lack of a mental defect, disease, or condition manifesting itself in sexual psychopathy.
However, we disagree with the trial court that Dr. Shwery's opinion is admissible on the question of respondent's guilt or innocence. In State v. Dawson, 392 So.2d 445, 447 (La.1980), this Court suggested, in dicta, that "[g]iven the proper foundation, an expert witness might state whether a defendant has the psychological capacity to commit a particular crime." The proposed testimony' in Dawson, *721 properly excluded on other grounds, purported to establish that the defendant lacked the capacity "to obtain sexual gratification through the use of force, violence, or threats, a pertinent character trait in a prosecution for rape." Id., 392 So.2d at 447. However, since Dawson, the overwhelming weight of recent authority in other state jurisdictions considering the question of whether the accused may present expert testimony that he is psychologically unlikely to commit the charged offense has been to exclude expert evidence offered by the defendant in cases of child sexual abuse to establish that he does not fit the profile of a sexual predator or pedophile, or that his responses to standardized psychological tests failed to disclose any underlying sexual pathology or sexual deviancy that might explain sexual abuse of children. See, e.g., R.D. v. State, 706 So.2d 770, 775 (Ala.Crim.App.1997); State v. Person, 20 Conn.App. 115, 564 A.2d 626, 631-32 (1989); State v. Floray, 715 A.2d 855, 857-61 (Del.Super.1997); State v. Parkinson, 128 Idaho 29, 909 P.2d 647, 652-53 (1996); In Re B.J., 316 Ill.App.3d 193, 249 Ill.Dec. 233, 735 N.E.2d 1058 (2000); State v. Price, 43 P.3d 870, 877-78 (Kan.App.2002); Tungate v. Commonwealth, 901 S.W.2d 41 42-43 (Ky.1995); Earnest v. State, 805 So.2d 599, 606 (Miss. App.2002). The decisions reflect a variety of rationales for excluding the evidence, among them the lack of a recognized scientific basis for drawing a nexus between test results or profile scores and actual conduct, Floray, 715 A.2d at 860-61; Parkinson, 909 P.2d at 651-52; Tungate, 901 S.W.2d at 43; Earnest, 805 So.2d at 606, the risk that the evidence might usurp the jury's province to determine the credibility of witnesses and guilt or innocence of the defendant, Floray, 715 A.2d at 855; Price, 43 P.3d at 878-79, and the tendency of the evidence to place before jurors opinion as to the accused's character in violation of state evidentiary rules. R.D. v. State, 706 So.2d at 775; Floray, 715 A.2d at 859-60; In Re B.J., 249 Ill.Dec. 233, 735 N.E.2d at 1065-66. At least one reported court of appeal decision in Louisiana joined this trend. See State v. Armstrong, 587 So.2d 168 (La.App. 4th Cir.1991) (psychologist's opinion that the defendant did not have the psychological dynamics of a child sexual abuser properly excluded as a prohibited comment on the guilt or innocence of the accused). California stands as a notable exception to the overwhelming majority rule on this point, although its jurisprudential rule permitting expert evidence regarding the defendant's lack of sexual deviance, see People v. Jones, 42 Cal.2d 219, 266 P.2d 38 (1954), has been codified into statutory law. Cal. Evid. Code, § 1102 (West 1995) (permitting evidence of an accused's good character or a trait of character "in the form of an opinion or evidence of his reputation ...."). See People v. Stoll, 49 Cal. 3d 1136, 265 Cal.Rptr. 111, 783 P.2d 698 (1989).
This body of jurisprudence gives rise to considerable misgivings in this Court about the reliability and therefore admissibility of expert opinion regarding a defendant's lack of predisposition towards pedophilia as substantive evidence relevant to the question in a criminal trial of whether he or she sexually abused a child. See 1 John E.B. Myers, Evidence in Child Abuse and Neglect Cases, § 5.53, p. 578 (3rd ed. 1997)("It is important to emphasize... that there is no psychological test or combination of tests that reliably determines whether a person has or will engage in deviant sexual behavior .... Research confirms the fact that many sex offenders have no pathology discernible by generic psychological tests of clinical interview.") (internal quotation marks and footnotes omitted).
*722 However, for present purposes, we need look no further for guidance than the traditional rules in Louisiana governing the defendant's right to present evidence of his good character as relevant substantive evidence bearing on the question of his guilt or innocence. A defendant in Louisiana may present evidence "of a pertinent trait of his character, such as a moral quality... pertinent to the crime with which he is charged ...," although such evidence "cannot destroy conclusive evidence of guilt." La.C.E. art. 404(A)(1). The Code of Evidence makes no change in the law. See former R.S. 15:480 ("Evidence of the good character of accused is always admissible in his behalf ... but it can not destroy conclusive evidence of guilt; and such evidence must be restricted to showing character as to such moral qualities as have pertinence to the crime with which he is charged."). However, La.C.E. art. 405 states explicitly that "[e]xcept as provided in Article 412 [Louisiana's rape shield law], in all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to general reputation only." (Emphasis added). In this respect, apparently by deliberate legislative choice, Louisiana law is considerably narrower than Cal. Evid. Code § 1102, or its counterpart in Fed. R.Evid. 405(a), which provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion." See United States v. Robinson, 94 F.Supp.2d 751 (W.D.La.2000) (expert evidence that test results indicating that defendant did not have a sexual interest in underage females admissible at trial for sexual abuse of two females under the age of 12 years); see also 1 McCormick on Evidence, § 191, p. 675 (5th ed., John W. Strong, ed., 1999)(Fed.R.Evid 405(a) "allows expert opinion testimony about an accused's character traits.").
Although evidence of a defendant's lack of sexual deviancy, or lack of interest in children as the occasion of sexual desire, does not constitute a "generalized description of a person's disposition or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness," McCormick, § 195, p. 686, it nonetheless constitutes evidence of character because it reveals the "actual moral or psychical disposition" of the person. 1 John Henry Wigmore, Evidence, § 52, p. 448 (3rd ed.1940). Moreover, the evidence is offered here for the same purpose as any other evidence of good character by the defendant, to persuade the factfinder that the accused did not commit the charged offense because he or she is not the kind of person likely to have committed the crime. Michelson v. United States, 335 U.S. 469, 476, 69 S.Ct. 213, 219, 93 L.Ed. 168 (1948) ("[T]his line of inquiry firmly denied to the State is opened to the defendant because character is relevant in resolving probabilities of guilt. He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged."). As to how a defendant may prove his good character, Louisiana law incorporates the traditional limit that the accused may do so by means of reputation only, as opposed to evidence of specific acts or of opinion. This restriction, peculiar to the law of character evidence, "is said to be justified by overwhelming considerations of practical convenience in avoiding innumerable collateral issues which, if it were attempted to prove character by direct testimony, would complicate and confuse the trial, distract the minds of jurymen and befog the chief issues in the litigation." Michelson, 335 *723 U.S. at 478, 69 S.Ct. at 219 (internal quotation marks and citation omitted).
We therefore subscribe to the views of other appellate courts in states with evidentiary rules similar to those in Louisiana, that while a defendant may present evidence of his or her reputation in the community as a moral person and for safe and proper treatment of young children, Thomas v. State, 669 S.W.2d 420, 423-24 (Tex.App.1984), he or she may not present the opinion of a mental health expert, based either on a "profile" of a child sex abuser or on the results of standardized psychological tests, that the defendant is a moral person without deviant sexual tendencies which might prompt pedophiliac behavior. R.D. v. State, 706 So.2d at 775 ("The trial court correctly stated that the lack of a deviate sexual personality [as indicated by psychological test results] is not permissible character evidence, because Alabama law allows only testimony about general reputation or about reputation as to a specific trait."); Floray, 715 A.2d at 860 ("[The defense psychologist] may not offer expert testimony that Defendant does not fit the profile of a pedophile or child molester, because such testimony amounts to his opinion about Defendant's character traits for the purpose of proving that he acted in conformity therewith."); In Re B.J., 249 Ill. Dec. 233, 735 N.E.2d at 1065 ("[W]hile respondent could have introduced evidence of his good character or personality through `general reputation' evidence, the trial court correctly prohibited him from doing so using the expert personal opinion testimony of [the defense psychologist].")
The provisions of La.C.E. 412.2 do not require a different result as a matter of fairness to the defendant. Although the statute permits evidence which demonstrates the character and propensities of the defendant, it authorizes proof only of conduct, i.e., evidence of other sexual crimes, not of psychological profiles or expert opinion testimony as to the defendant's proclivities for sexual abuse. Nothing in the statute precludes the defense from calling its own fact witnesses to dispute the state's other crimes evidence or from cross-examining the state's witnesses thoroughly, "the time-honored ... device best suited to determine the trustworthiness of testimonial evidence." Watkins v. Sowders, 449 U.S. 341, 349, 101 S.Ct. 654, 659, 66 L.Ed.2d 549 (1981).
The trial court's ruling is therefore reversed, the case is remanded for completion of trial, and the district court is directed not to consider this aspect of Dr. Shwery's testimony in determining the guilt or innocence of respondent.
DISTRICT COURT RULING REVERSED; CASE REMANDED.