**Martel L. TURNEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–CA–002510–DG.

Court of Appeals of Kentucky.

Aug. 27, 2004.

Discretionary Review Denied by Supreme Court April 13, 2005.

Case Ordered Published by Supreme Court April 13, 2005.

Dennis Stutsman, Assistant Public Advocate, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, Christopher S. Nordloh, Special Assistant Attorney General, Frankfort, KY, for appellee.

Before BUCKINGHAM, DYCHE, and TAYLOR, Judges.

## OPINION

DYCHE, Judge.

This Court granted Martel L. Turney discretionary review to ascertain whether there was sufficient evidence to support his conviction of sexual abuse in the third degree. KRS 510.130. Our determination is focused on whether there was sufficient proof of sexual contact (as defined in KRS 510.010(7)) with the victim.

■ "A person is guilty of sexual abuse in the third degree when he subjects an-other person to sexual contact without the latter's consent." KRS 510.130(1)(a). " 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party." KRS 510.010(7).

Here the victim testified that appellant called her name, and when she turned to him he was handling his naked penis in front of her. His only touching of her was on the hip. The trial court found (and the circuit court affirmed on direct appeal) that Turney's touching of his own sexual or intimate parts in the victim's presence satisfied the statutory definition of sexual contact.

■ In regard to KRS 510.010(7), "[a]n actual touching is required, but the contact need not be directly with the body." *Bills v. Commonwealth,* Ky., 851 S.W.2d 466, 471 (1993). In that instance, the defendant had touched the victim through her clothes. Here Turney only touched himself, except when he later placed his hand on the victim's hip. There was simply no evidence that his actions met the definition of sexual abuse in the third degree. At worst he was guilty of indecent exposure. KRS 510.150. He was entitled to a directed verdict of acquittal, and the circuit court erred in affirming his conviction.

The opinion of the Kenton Circuit Court is reversed and this matter is remanded for proceedings not inconsistent with this opinion.

TAYLOR, Judge, concurs.

BUCKINGHAM, Judge, concurs and Furnishes Separate Opinion.

BUCKINGHAM, Judge, concurring.

I concur totally with the majority opinion. However, I believe it is important to note that the incident where Turney

touched the girl on the hip with his hand while she was on the couch was after the incident where he exposed himself and was not a sexual encounter in any manner. Rather, at that time Turney patted the girl and said that he hoped the earlier incident would be kept between the two of them.