RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0199-MR

NEWELL RECTOR                                                          APPELLANT

v.

APPEAL FROM WAYNE CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 21-CR-00152

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Newell Rector (Rector), was convicted of first-degree sexual abuse in Wayne County Circuit Court in December 2023. He was sentenced to serve one year of imprisonment. Rector appeals to this Court as a matter of right. His sole issue on appeal is that the circuit court erred in denying his motion for a directed verdict. For the following reasons, we affirm.

## STANDARD OF REVIEW

We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)) (emphasis added). When ruling on a directed verdict motion, the trial court must assume that the Commonwealth's evidence is true. *Benham*, 816 S.W.2d at 187. Our review is confined to the proof at trial and the statutory elements of the alleged offense. *See Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011). With this standard in mind, we now turn to the facts and law at issue.

## ANALYSIS

First-degree sexual abuse is codified in KRS[1] 510.110. In the present case, the Commonwealth was required to demonstrate the following: 1) that Rector was at least 21 years old at the time; 2) that the victim was less than 16 years old at the time; and 3) that Rector subjected the victim to "sexual contact." KRS 510.110(1)(c). "Sexual contact" is defined in KRS 510.010(7) as meaning the "touching of a person's intimate parts or the touching of the clothing or other material intended to cover the immediate area of a person's intimate parts, if that

---

[1] Kentucky Revised Statutes.

touching can be construed by a reasonable person as being done: (a) For the purpose of sexual arousal or gratification of either party . . . ."[2]

The victim here is A.S. She was 13 years old in 2017, when she attended a fall festival at her church in Wayne County, Kentucky. Rector was also at the event. He attended the church and was the janitor there. The festival was held in the church's fellowship hall where A.S. was leaning over a table and talking to a friend who was seated. Rector came behind A.S. and pressed his pelvis against her buttocks. She testified that "I could feel his private area on my backside." Rector caressed her buttocks and then exited the fellowship hall. A.S. further testified that while the encounter was brief, she believed that the unwanted touching was not accidental because of "how forceful" the contact was.

A.S.'s friend with whom she was talking testified similarly to these events, stating that she observed Rector grab A.S. by the hips, and then pressed his pelvis against her buttocks. Another witness, who was standing several feet away, also observed Rector's behavior. She did not see where Rector's hands were located at the time. However, she did recall the touching. Rector testified that the event never occurred.

---

[2] This provision lists additional definitions of "sexual contact" that were not in the jury instructions.

Rector's primary contention is that the evidence only demonstrated that he touched A.S. on the hips, not the buttocks, and that this does not constitute "sexual contact" pursuant to KRS 510.010(7). In support he cites *Turney v. Commonwealth*, 159 S.W.3d 818, 819 (Ky. App. 2004) (reversing sexual abuse conviction where the only touching of the victim was on the hip). To the contrary, we agree with the Commonwealth that this was not a case of a mere brush-by on the hips. As previously summarized, A.S. provided detailed testimony that Rector pressed his pelvis/groin onto her buttocks. Two additional eyewitnesses testified similarly. The following is instructive:

> An actual touching is required, but the contact need not be directly with the body. For example, touching another person's sex organs through clothing would be within the purview of this definition. The touching must be done for the purpose of sexual gratification. Clearly, the definition does not include inadvertent or accidental touching of the intimate parts of another person. It was within the province of the jury to determine by method of reasonable inference whether the situation described here amounted to sexual contact.

*Bills v. Commonwealth*, 851 S.W.2d 466, 471 (Ky. 1993). Similarly, we believe that it was the province of the jury in the present case to determine sexual contact.

Rector also argues that there was insufficient evidence of "sexual gratification." We disagree. *See Tungate v. Commonwealth*, 901 S.W.2d 41, 42 (Ky. 1995) ("Sexual gratification is a single element of the crime of sexual abuse in the first degree . . . . Intent can be inferred from the actions of an accused and

-4-

the surrounding circumstances. The jury has wide latitude in inferring intent from the evidence." (Citation omitted); and *Boone v. Commonwealth*, 155 S.W.3d 727, 730 (Ky. App. 2004). In support of his argument, Rector cites *Castle v. Castle*, 567 S.W.3d 908, 919 (Ky. App. 2019) (reversing a domestic violence order where "there was *no* evidence of why or how [Appellant] grabbed his stepdaughter's breast, nor that it progressed beyond an incidental touching . . . .") (emphasis in original). *Castle* is legally and factually distinguishable from the present case. A critical distinction is that the evidence presented here included multiple witnesses, including the victim, who testified to the abuse. Having considered the record and the law, we cannot say "under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt[.]" *Benham*, 816 S.W.2d at 187.

## **CONCLUSION**

Based on the foregoing, Rector's conviction and sentence is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rhett B. Ramsey
Monticello, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky